UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                            Chapter 11

SIGNATURE APPAREL GROUP, LLC, et al.,                             Case No. 09-15378 (JMP)

                       Debtor.                                 Jointly Administered
----------------------------------------------------------------X

**LIMITED OBJECTION OF IDS USA INC. TO EMERGENCY
MOTION MODIFYING THE AUTOMATIC STAY TO PERMIT
DEBTOR TO FACTOR ACCOUNTS RECEIVABLE AND
OBTAIN POST PETITION FINANCING FROM CIT
GROUP/COMMERCIAL SERVICES, INC. FOR PAYMENT OF
<u>CRITICAL INVOLUNTARY GAP PERIOD EXPENSES</u>**

IDS USA Inc. ("IDS"), by its counsel, Salans, hereby submits this limited objection to the Motion (of Signature Apparel Group, LLC ("Signature" or the "Debtor") modifying automatic stay to permit debtor to factor accounts receivable and obtain post-petition financing from CIT Group / Commercial services, inc. for involuntary gap period expenses (the "Motion"), and in support hereof, states as follows:

<u>**Preliminary Statement**</u>

IDS was not given notice of the Motion. Nonetheless, IDS objects to the relief requested by Signature on the limited ground that the order does not clearly protect IDS' fully-perfected possessory lien in the Debtors' goods, which are currently stored at IDS' warehouse in Secaucus, New Jersey. The Debtor currently owes IDS approximately $275,000 for unpaid storage and shipping services. This receivable is secured by IDS' possessory lien. Pursuant to the Motion the Debtor seeks to obtain post-petition financing from CIT in exchange for the grant of a security interest in substantially all of the Debtor's assets. Although the proposed order states that it is "without prejudice" to the rights of third parties, such as IDS, to challenge the pre-petition liens of CIT, it does not provide that protection with respect to the post-petition lien

00389228

NewYork 1295535.1

currently sought by the Debtor. IDS requests that the order be amended to clarify that the proposed order sought by the Debtor does not in any way prejudice the rights IDS, in which case IDS will withdraw its objection.

## Facts

IDS operates a warehouse at 40-50 Enterprise Avenue, Secaucus, New Jersey. IDS provides the Debtor with storage and shipping services. As of September 30, 2009, the Debtor was indebted in the amount of $275,356.57 for such storage and shipping services. *See* Exhibit A to Declaration of Paul McGuire, dated September 30, 2009. IDS has warehouse receipts for all of the goods in its possession. IDS is currently storing certain of the Debtor's inventory in its Secaucus warehouse (the "Inventory").

## Argument

New Jersey law governs the IDS' property rights in the Inventory. See *Butner v. United States*, 440 U.S. 48, 55 (1979) (unless a federal interest requires a different result, property interests are created and defined by state law); *see also In re Hutchins*, 306 B.R. 82, 89, n.3 (D.Vt. 2004) ("'It is universally held that the validity, nature and effect of liens are governed by the law of the state."). The New Jersey state legislature has adopted the sections of the Uniform Commercial Code providing for the grant of a warehouseman's lien on goods in the possession of the warehouseman. More specifically, title 12A of the New Jersey statutes provides, in relevant part:

> A warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for charges for storage or transportation (including demurrage and terminal charges), insurance, labor, or charges present or future in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law.

N.J. STAT. § 12A:7-209

IDS' lien is entitled to priority over the claims of the Debtor's other secured creditors. *See* N.J. STAT. § 12A:9-333 (possessory lien on goods has priority over a security interest in the goods unless the lien is created by a statute that expressly provides otherwise). Thus, IDS, as warehouseman, currently has a fully perfected, first priority lien on the Inventory and is entitled to look to its lien up to the value of that Inventory until its claim is satisfied.

The Debtor's proposed Order provides that the Advances[1] and all other post-petition indebtedness shall be added to the Obligations under the Factoring Agreement and shall be secured by the Collateral. *See* Motion, ¶ 8. Pursuant to the Amended and Restated Inventory Security Agreement, the Debtor purported to "pledge and grant to [CIT] a continuing general lien upon "all present and hereafter acquired merchandise, inventory and goods, and all additions." *See* Motion, Exhibit B, § 2.1. Thus, the Order proposes to grant a security in the Inventory at the IDS Warehouse. However, while the proposed Order purports to be "without prejudice" to the rights of third parties "to challenge the *pre-petition* claims, liens and/or security interest of CIT arising pursuant to the Factoring Agreements." Proposed Order, ¶ 2 (emphasis added). However, the proposed order is silent on the issue of providing protection to third parties with respect to the post-petition lien that the Debtor seeks on behalf of CIT. *Id.*

Although the Debtor perhaps intended to protect the rights of third parties vis-à-vis a post-petition lien granted pursuant to a court order, such intent is not clear on a plain reading of the proposed order. Thus, if the proposed relief is granted, IDS' fully perfected statutory and common law warehouse liens will be jeopardized. IDS therefore requests that the proposed order recognize IDS' statutory and common lay liens and state that "nothing contained

---

[1] All undefined capitalized terms herein have the meaning ascribed to them in the Motion.

3

in the Stipulation and Order shall affect, alter or modify any lien or security interest, or the priority thereof, of IDS that may now or hereafter exist under any applicable law."

WHEREFORE, IDS respectfully requests that the Court condition its granting of the Motion on (i) the preservation of all of IDS' rights under statutory and common law, and (ii) such other relief as the Court may find appropriate.

Dated: New York, New York
      September 30, 2009

                        SALANS

                        By: /s/ Paul C. Gunther
                           Lee P. Whidden    (LW 1649)
                           Paul C. Gunther   (PG 3023)
                        Attorneys for IDS USA, Inc.
                        620 Fifth Avenue
                        New York, NY 10020
                        212-632-5500