UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| SIGNATURE APPAREL GROUP, LLC, | Case No. 09-15378 (JMP) |
| Debtor. | |

**AFFIDAVIT OF MARC FEDERBUSH IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ANCHIN, BLOCK & ANCHIN, LLP AS ACCOUNTANTS FOR DEBTOR**

STATE OF NEW YORK       )
                                            ) ss:
COUNTY OF NEW YORK )

Marc Federbush, of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am a certified public accountant in the State of New York and a partner with the accounting firm of Anchin, Block & Anchin, LLP ("Anchin"). I submit this Affidavit pursuant to 11 U.S.C. §§ 327, 329, and 504 and Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) in support of the Application of the debtor and debtor-in-possession herein, Signature Apparel Group, LLC (the "Debtor"), to retain and employ Anchin as its accountant in this chapter 11 proceeding.

2. Anchin has served as the accountant to the Debtor since September 2006. As a result, Anchin has acquired extensive knowledge about the Debtor, its business, its finances and its accounting practices.

3. Subject to the approval of the Court, Anchin will render various services to the Debtor during this Chapter 11 case, including, among others, the following:

(a) preparation of partnership income tax returns and related documents, and

(b) financial/consulting services.

4. Anchin is well qualified to serve as accountants to Signature Apparel Group, LLC. Anchin has considerable experience in accounting services for small to mid-size companies, including debtor-in-possession entities. The current partners and staff of Anchin have experience working with financially troubled companies in complex financial restructurings out-of-court and in Chapter 11 proceedings. Anchin and its principals have been involved as advisors to debtor, creditor and equity constituencies in many reorganization cases.

5. Anchin will submit a detailed statement to the Court setting forth the services it renders during this Chapter 11 proceeding, seeking compensation and reimbursement of expenses. It is contemplated that Anchin will be compensated for the services described herein at its ordinary billing rates and in accordance with its customary billing practices with respect to its out-of-pocket expenses, all pursuant to the provisions of the Bankruptcy Code and Bankruptcy Rules and subject to this Court's approval.

6. Anchin will be rendering services on an hourly basis. The billing rates charged by Anchin may change from time to time in accordance with Anchin's established billing practices and procedures. The current billing rates in effect for professionals potentially involved in this matter are:

| | |
|---|---|
| Partners | $365 - 575 per hour |
| Directors | 360 - 385 per hour |
| Senior Managers | 290 - 370 per hour |
| Managers | 220 – 320 per hour |

Staff Accountants         140 – 210 per hour

7. The rates of the professionals most likely to render services in this matter are:

| | |
|---|---|
| Marc Federbush | $510 per hour |
| Anish Shah | 330 per hour |
| Stephen Lengyel | 250 per hour |

8. These rates are subject to periodic review and adjustment. To the extent that the services of other partners, associates and staff of the firm are utilized, their hourly billing rates will be consistent with the rates of those listed above who have similar experience and seniority.

9. As of the date upon which the Court entered the Order for Relief in the Debtor's bankruptcy case, Anchin held a claim against the Debtor in the amount of $49,563.00, on account of services rendered. <u>Anchin has agreed to waive all claims against the Debtor for services rendered prior to the date upon which the Court entered the Order for Relief, conditioned upon the Court's approval of its retention.</u>

10. In preparing this Affidavit, I have used a set of procedures developed by Anchin to insure full compliance with the requirements of the Bankruptcy Code and the Federal and Local Rules of Bankruptcy Procedure regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Retention Procedures"). Pursuant to the Retention Procedures, and under my direction and supervision, Anchin performed a conflict of interest search to identify any actual or potential conflicts of interest. The Retention Procedures included:

(a) Through conversations with representatives of the Debtor, Anchin was provided with a list of all the Debtor's largest creditors identifying those parties that potentially possess claims or adverse interests against the Debtor (the "Service List").

(b) In connection with its proposed retention by the Debtors in this case, Anchin undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Anchin has researched its client files and records to determine its connections with the Debtor's largest creditors indicated on the Service List.

(c) Anchin compared the names from the Client List with the Service List to identify potential matches, and to determine whether these matches are current clients, and if so, identify the Anchin personnel responsible for such matters.

(d) Based on the result of that search and by making general, and when applicable, specific inquiries of Anchin personnel, insofar as I have been able to ascertain after diligent inquiry, neither I, nor Anchin, nor any partner or associate of the firm has any connection with the Debtor, its creditors or any other party-in-interest.

11. Anchin intends to continue its ongoing conflict search if and when additional creditors and parties-in-interest become known, in an expedient manner. If any new, relevant facts or relationships are discovered or arise, Anchin shall file and serve a Supplemental Affidavit promptly. To the extent the Debtor becomes directly adverse to any party that Anchin represents, the firm would not represent the Debtor with respect to these disputes and would obtain conflicts counsel to handle the matter on behalf of the Debtor's bankruptcy estate.

12. Pursuant to 11 U.S.C. § 504, except for sharing arrangements between Anchin and its respective partners, Anchin has no agreement with any other person or entity to share any compensation or reimbursement of expenses to be paid to Anchin in this proceeding.

13. To the best of my knowledge at this time, Anchin has no connection with the Debtor, any of its creditors or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee.

By: Marc Federbush

Sworn and subscribed to before me,
this 1st day of December 2009

/s/
Notary Public

3999931.2

RICHARD J. WOLBROM
Notary Public, State of New York
No. 01WO4849663
Qualified in Nassau County
Commission Expires July 28, 2010