UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SIGNATURE APPAREL GROUP LLC,

Debtor.

Chapter 11
Case No. 09-15378 (JMP)

# APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF ACCOUNTANTS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The application ("Application") of the Official Committee of Unsecured Creditors of Signature Apparel Group LLC ("Debtor") by and through its attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, respectfully shows and sets forth:

1. On September 4, 2009 (the "Petition Date"), petitioning creditors Hitch & Trail Inc., Talful, Ltd and Harvetway (China) Limited (the "Petitioning Creditors") filed an involuntary petition or relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York against the Debtor.

2. On November 9, 2009, the Debtor filed its Motion to Convert Case to a Case Under Chapter 11 (the "Motion to Convert").

3. On November 12, 2009, this Court granted the Motion to Convert.

4. On December 3, 2009, the Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee.

866922-1

5. The Committee has made a determination to retain Friedman LLP ("Friedman") to perform certain accounting and consulting services. These services include, but are not limited to the following:

   a. Assisting the Committee and its counsel in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business and any other matter relevant to this Case or to the formation of a plan;

   b. Evaluating the Debtor's post-petition liquidation budget;

   c. Reviewing the pre- and post-petition books and records of the Debtor for potential fraudulent conveyances, preferential transfers and other causes of action;

   d. Analyzing the Debtor's pre- and post-petition books and records, including operating reports filed with this Court for all related party transactions, including potential improprieties;

   e. Evaluating, along with Committee counsel, proposed transactions involving sales or transfers of assets or equity interests in the Debtor;

   f. Comparing and contrasting strategies of liquidation, sales of assets, a sale of the Debtor's business or reorganization of existing operations to determine the maximum potential for recovery by the unsecured creditors; and,

   g. Rendering such other accounting and consulting assistance as requested by the Committee and counsel from time to time.

6. The Committee has selected Friedman for the reason that it has had considerable experience in matters of this nature, and believes that Friedman is well qualified to render the services required by the Committee.

7. Friedman has expressed its willingness to assume such retention to perform all of the services as set forth herein.

8. The Committee has reviewed the services to be rendered by Friedman as well as the anticipated billing charges, as outlined on the annexed affidavit, which it believes to be fair and reasonable.

9. Friedman has indicated and represented in the annexed affidavit that it is a "disinterested person" as such term is defined by §101(14) of the Bankruptcy Code.

10. No prior application has been made for the relief requested herein.

11. The Committee deems it essential that Friedman be retained <u>nunc pro tunc</u> as of December 16, 2009 to commence its investigation.

WHEREFORE, the Committee respectfully requests that the Court enter the pre-fixed order and for such other and further relief as may be just and proper.

Dated: New York, New York
December 18, 2009

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: /s/ Michael S. Fox

*Attorneys for Official Committee of Unsecured Creditors*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300

866922-1