SALANS LLP
  Paul C. Gunther
Rockefeller Center
620 Fifth Avenue
New York, NY 10020-2457
Tel: (212) 632-5500
Fax: (212) 632-5555

*Attorneys for IDS USA Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SIGNATURE APPAREL GROUP, LLC, et al., | : | Case No. 09-15378 (JMP) |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------- X

**RESERVATION OF RIGHTS OF IDS USA, INC. TO APPLICATIONS FOR
COMPENSATION FOR PROFESSIONAL SERVICES FILED BY
OLSHAN GRUNDMAN FROME ROSENWEIG & WOLOSKY LLP,
FRIEDMAN LLP, RIKER DANZIG SCHERER HYLAND & PERRETTI LLP,
EINBINDER & DUNN LLP, AND ANCHIN BLOCK & ANCHIN LLP**

    IDS USA Inc. ("IDS") hereby submits this reservation of rights to the following applications for professional compensation: (i) the Second Interim and Final Fee Application of Olshan Grundman Frome Rosenweig & Wolosky LLP for Compensation for Services Rendered and Reimbursement of Expenses As Counsel To the Official Committee of Unsecured Creditors ("Olshan") [Dkt. No. 140], (ii) the Second Interim and Final Fee Application of Friedman LLP ("Friedman") [Dkt. No. 141], (iii) Application for Final Professional Compensation of Riker Danzig Scherer Hyland & Perretti LLP ("Riker") [Dkt. No. 145], (iv) Application for Final Professional Compensation of Einbinder & Dunn, LLP ("Einbinder") [Dkt. No. 146], and (v)

Application for Final Professional Compensation of Anchin Block & Anchin LLP ("Anchin") [Dkt. No. 147] (collectively, the "Fee Applications"); and in support hereof states as follows:

## PRELIMINARY STATEMENT

1. IDS, an administrative claimant in this matter, does not object to the fees sought by the professionals seeking approval of the Fee Applications. By way of this Reservation of Rights and limited objection, IDS merely seeks to ensure that no such payments are made until either it has been demonstrated that the Debtor's estate has sufficient funds to pay all administrative claims in full or it has otherwise been arranged to pay fees on a pro-rata basis to all administrative claimants. It is beyond dispute that if a bankruptcy estate is administratively insolvent then all administrative claims should be paid on a pro-rata basis. If the Responsible Person can confirm that sufficient funds exist to pay all administrative claims in full, then IDS has no objection to payment of fees as contemplated by the professionals.

## FACTUAL BACKGROUND

2. IDS is a leading provider of logistics, distribution and transportation solutions, specializing in full service packaging, distribution, shipping and storage. IDS operates logistics facilities in New Jersey, Miami and California. IDS operates a warehouse at 40-50 Enterprise Avenue, Secaucus, New Jersey (the "Warehouse").

3. IDS provided the Debtor with storage and shipping services both prior to and after the entry of the Order for Relief in this involuntary chapter 11 case.

4. On July 19, 2010 IDS submitted a notice of presentment pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) for expenses, totaling $31,074.15, that constitute actual, necessary costs and expenses of preserving the Debtor's estate (the "Notice of Presentment"). [Dkt. 135]. The Declaration of Paul McGuire in support of the Notice of Presentment provided detailed documentation of IDS' claim, including a summary of expenses and related invoices.

5. On August 16, 2010, the Responsible Person, through his counsel Olshan, submitted a limited objection to IDS's Notice of Presentment (the "RP Limited Objection"). The RP Limited Objection stated that the Responsible Person had not yet had the opportunity to review all of the administrative claims filed in this case, and that such review would take approximately one month. [Dkt. 142]. The Debtors did not object to the Notice of Presentment.

6. Olshan filed its own request for payment of its own professional fees on the same day that it filed the RP Limited Objection. Since that date Four other professional compensation requests have been filed, including: (i) a request by Friedman on August 16, 2010 for $111,631.61, (ii) a request by Riker on August 31, 2010 for $283,303.75, (iii) a request by Einbinder on August 31, 2010 for $42,298.52, (iv) a request by Anchin on August 31, 2010 for $38,516.25. Together with Olshan's application, the professional fee requests total approximately $531,505.24. As of the filing of this Limited Objection the Responsible Person has not objected to any request for professional compensation in the Fee Applications.

7. The First Amended Disclosure Statement filed by Signature Apparel Group and entered on May 17, 2010 [Dkt. 113] (the "Disclosure Statement") states that general unsecured creditors will receive a pro rata share of the estate's liquidation proceeds "as and when" funds become available, but did not estimate the percentage recovery to holders of such claims. Disclosure Statement, at 8. The Disclosure Statement further "anticipate[d]" that the only priority claim, in the amount of $14,906.80, would be paid in full. *Id.* Article 3.1 of The First Amended Plan of Liquidation Proposed Jointly By the Debtor and The Official Committee of Unsecured Creditors, confirmed on July 1, 2010 [Dkt. 131] (the "Plan of Liquidation"), indicates that Allowed Administrative Expenses are entitled to a cash payment no earlier than seven business days after the entry of a final order allowing such claim or other treatment as may

be agreed upon with the claimant and the Debtor or Disbursing Agent (who is also the Responsible Person under the First Amended Plan of Liquidation). It is unclear whether the proposed order for payment of professional fees submitted by Olshan, which "authorize[s]" payment of fees without any time limitation, would permit the immediate payment of such fees. [Dkt. 140].

8. The most recent operating report filed by the Debtor, which contains information as of May 2010, notes cash on hand as of May 31, 2010 of $38,085.91 and estimated receivables of $1,098,110.48. See Operating Report of May 2010, at 2, 10 (the "May Operating Report"). [Dkt. 133]. The May Operating Report further indicates that all of the estimated receivables are 91+ days due. *Id.* at 10.

## ARGUMENT

9. IDS has a valid administrative claim pursuant to 11 U.S.C. §§ 503(b)(1) and 507(a)(2) for expenses that constitute actual and necessary expenses of preserving the Debtor's estate. IDS' administrative claim shares the same priority as the claims of the professionals under pursuant to the Fee Applications. 11 U.S.C. § 507. It is well-settled that if an estate does not have sufficient funds to pay administrative expense claims in full all such claims must share in a pro-rata distribution. *In re Pudgie's Development of NY, Inc.*, 239 B.R. 688, 693 (Bankr. S.D.N.Y. 1999) (demonstrating that administrative claims share on a pro rata basis where estate does not have sufficient funds to pay all claims in full); *In re Palace Quality Services Industries, Inc.*, 283 B.R. 868, 907 (Bankr. E.D. Mich. 2002) (noting that liquidation proceeds are to be distributed pro rata among administrative claimants where administrative claims not paid in full); *In re Misty Touch, Inc.*, 31 B.R. 853, 857 (S.D.N.Y. 1983) (noting in the context of administrative claims "payment to some should not jeopardize payment to others"); *In*

*re First Hartford Corp.*, 23 B.R. 729, 732 (Bankr. S.D.N.Y. 1982) ("The inability of [the Debtor] to pay all administrative claims in full, at this time, precludes an administrative expense claimant from asserting priority over another claimant of the same priority"); *In re Goody's Family Clothing, Inc., et al.,* 392 B.R. 604, 616 n.38 (Bankr. D. Del. 2008) (*citing In re Western Farmers Ass'n.*, 13 B.R. 132, 134 (Bankr. W.D. Wash. 1981) for proposition that "to ensure equality of treatment to all allowed administrative claims, interim payments of compensation to debtor's professionals not to be made because there is a significant possibility of administrative insolvency"); *In re IML Freight, Inc.*, 52 B.R. 124, 139 (Bankr. D. Utah 1985) ("Bankruptcy courts generally have been unwilling to allow full payment of administrative claims where there is a likelihood that there will be insufficient funds to pay all claimants in full and proration is necessary").

10. Three months after the deadline to file proofs of general unsecured claims and two months after the deadline to file administrative claims, the lack of information in the record detailing the sufficiency of the estate's assets to pay administrative claims raises a substantial question as to whether they can in fact be paid in full. This is all the more so since the Debtor's Disclosure Statement did not estimate the pro-rata payment to general unsecured creditors, and the only priority claimant had asserted a claim of approximately $15,000. In essence, based on the information currently available, it is possible that only the small sum of $15,000 is separating the estate from administrative insolvency.

11. In light of this doubt, it is inappropriate to allow payment of over $531,505.24 in professional fees ahead of IDS's $31,074.15 administrative claim. Accordingly, IDS requests that payment of fees pursuant to the Fees Applications (i) be subject to a demonstration by the Responsible Person that there are enough assets to pay all administrative

NewYork 1374288.2

5

claims in full or, in the alternative, (ii) be made on a pro-rata basis to all administrative claimants, and (iii) that the court grant such other relief as it deems just and proper.

Dated: New York, New York
September 16, 2010

                SALANS

                By: /s/ Paul C. Gunther

                  Paul C. Gunther  (PG 3023)
                Attorneys for IDS USA Inc.
                620 Fifth Avenue
                New York, NY 10020
                212-632-5500